## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

IN RE: BETTY RUTH HUDSON,                    CASE NO. 4:08-17720
                       DEBTOR                    CHAPTER 13

FIRST SECURITY BANK,                                   PLAINTIFF

                    **A.P. NO. 09-1069**

V.

BETTY RUTH HUDSON,                                    DEFENDANT

### ORDER AND MEMORANDUM OPINION DENYING RELIEF

Now before the Court is the above-captioned adversary proceeding, in which the Plaintiff, First Security Bank, requests that the Court determine its claim in the Defendant-Debtor's bankruptcy case to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). For the reasons stated below, the requested relief is denied.

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### UNDISPUTED FACTS

On December 10, 2008, Betty Ruth Hudson, the Debtor, filed her voluntary petition for relief under chapter 13 of the Bankruptcy Code. Creditor First Security Bank (the **"Bank"**) filed the complaint (the **"Complaint"**) commencing this adversary proceeding on March 9, 2009. On March 31, 2010, the Court held a trial (the **"Trial"**) at

which the Bank's representative and the Debtor both appeared and gave testimony. Based on the pleadings and evidence presented in this case, the following facts are not in dispute:

1.     On January 22, 2007, the Debtor and her son, Jerry Hudson, made, executed and delivered to the Bank a promissory note (the **"Note"**) in the original amount of $10,492.90.

2.     As security for the repayment of this obligation under the Note, the Debtor and her son pledged a 2004 Pontiac Grand Am (the **"Grand Am"**) as collateral.

3.     The Debtor and her son defaulted on the Note.

4.     The Grand Am was sold in violation of the security agreement.  Debtor disputes that she had any role in the sale of the Grand Am.

5.     The Bank brought suit against the Debtor and her son in the Circuit Court of White County, Arkansas (the **"State Court"**).  Neither the Debtor nor her son filed a responsive pleading or appeared in defense of that action and the State Court entered a default judgment against them (the **"State Judgment"**).

6.     In the State Judgment, the State Court makes the following findings at Paragraphs 3 and 4:

> 3.     Defendants [Debtor and her son] defaulted in their obligations under the Note by failing to make payments when due as required by the Note, by selling the collateral therefor, despite the Plaintiff's [the Bank's] valid security interest therein, and by retaining the proceeds of the sale of said collateral.
>
> 4.     The sale of the collateral by the Defendants … constitutes actual fraud committed by the Defendants upon the Plaintiff.  The Defendants falsely represented to the Plaintiff that, pursuant to the

2

Plaintiff's valid security interest, they would not sell the said collateral, despite their knowledge to the contrary, intending to induce the Plaintiff to rely upon this representation. The Plaintiff justifiably relied upon the representations of Defendants, advanced them certain monies pursuant to the representation, and suffered damages therefor[.]

7.     The State Court awarded the Bank $9,291.58, the full amount due and payable on the Note, plus interest and costs.

8.     The State Judgment remains unsatisfied.

## APPLICABLE BANKRUPTCY LAW

The Bankruptcy Code does not permit a debtor to discharge debts obtained by "false pretenses, a false representation, or actual fraud[.]" 11 U.S.C. § 523(a)(2)(A). For the Court to deny the discharge of a claim pursuant to § 523(a)(2)(A), the creditor must prove by a preponderance of the evidence that

(1) the debtor made a representation;

(2)  at the time the debtor knew that the representation was false;

(3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor;

(4) the creditor justifiably relied on such representation; and

(5) the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*Merchants Nat'l Bank of Winona v. Moen* (*In re Moen*), 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999) (citing *In re Ophaug*, 827 F.2d 340 (8th Cir. 1987)).  In order to determine that a claim is not dischargeable under this provision, the Court must therefore find that the debtor acted with fraudulent intent when incurring the debt.

3

## COLLATERAL ESTOPPEL

The Bank asserts that the principles of collateral estoppel require this Court to find that its claim in the Debtor's bankruptcy case is not dischargeable pursuant to 11 U.S.C. § 523(a)(2). The doctrine of collateral estoppel may properly be applied in dischargeability proceedings under § 523 of the Bankruptcy Code. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 658 n. 11 (1991). The substantive law of the forum state is used in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so. *In re Scarborough*, 171 F.3d 638 (8th Cir. 1999). For collateral estoppel to apply in Arkansas, the following four elements must be proven by the party asserting collateral estoppel:

> (1) the issue sought to be precluded must be the same as that involved in the prior action;
>
> (2) the issue must have been litigated in the prior action;
>
> (3) the issue must have been determined by a valid and final judgment; and
>
> (4) the determination must have been essential to the prior judgment.

*Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc.*, 146 S.W.3d 852, 855 (Ark. 2004). The party asserting collateral estoppel has the burden of proving the necessary elements. *Fariss v. State*, 303 Ark. 541 (1990) (citing *Turley v. Wyrick*, 554 F.2d 840 (8th Cir. 1977)). "If the portions of the prior state court record before the court are insufficient to make a thorough analysis, collateral estoppel should not be applied." *Goodwin v. Harr (In re Harr),* No. 1:87-ap-180 (Bankr. W.D. Ark. 1988) (unpublished) (citing *Day v.*

4

*Moran (In re Moran),* 72 B.R. 1013, 1016 (Bankr. N.D. Ohio 1987); *King v. Whitmore (In re Whitmore),* 7 B.R. 835, 838-39 (Bankr. N.D. Ga. 1980)).

### A. <u>Same Issue</u>

For collateral estoppel to apply, the issues litigated in the first case must be the same as in the later case.  In the State Court Action, the Bank alleged, and the State Court found, that the Debtor knew she was making a false representation to the Bank and that she did so with the intention of inducing the Bank to rely on that representation.  The Bank argues, and the Court agrees, that the issue sought to be precluded, *e.g.*, the Debtor's fraudulent intent, was presented in the State Court Action, thus satisfying the first element of collateral estoppel.

### B. <u>Actually Litigated</u>

To satisfy the second element of collateral estoppel, the issue sought to be precluded must have been actually litigated in the prior action.  In Arkansas, issues decided in a default judgment are treated as actually litigated. *Reyes v. Jackson*, 861 S.W.2d 554, 555 (Ark. Ct. App. 1993); *see also Glass v. Cagle* (*In re Cagle*), 253 B.R. 437, 439 (Bankr. E.D. Ark. 2000).  Therefore, although the Debtor never defended against the State Court Action, all issues decided therein were actually litigated for purposes of collateral estoppel. Thus, the second element is also satisfied.

### C. <u>Valid and Final Judgment</u>

The third element of collateral estoppel requires that the issues sought to be precluded were decided in a valid and final judgment.  No appeal was taken of the State Judgment.  Neither party in this case has suggested that the State Judgment was not valid

and final, nor are there facts present to support such a claim.  Thus, the third element of collateral estoppel is satisfied.

### D. <u>Essential to the Judgment</u>

The final element of collateral estoppel requires the issue sought to be precluded to have been essential to the judgment in the prior action.  Collateral estoppel does not preclude litigation of previously decided issues unless the prior judgment could not have been rendered absent a conclusive finding as to the particular issue.  *See Beaver v. John Q. Hammons Hotels, L.P.,* 355 Ark. 359 (2003) (citing Restatement (Second) of Judgments, § 27, comment i. and listing Arkansas Supreme Court decisions relying on § 27 of the Restatement).[1]  Therefore, when a judgment could be predicated on more than

---

[1]  Comment i to § 27 of the Restatement (Second) of Judgments (1982) (current through 2009) provides:

> *i. Alternative determinations by court of first instance.* If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment *is not conclusive* with respect to either issue standing alone.

> It might be argued that the judgment should be conclusive with respect to both issues. The matter has presumably been fully litigated and fairly decided; the determination does support, and is in itself sufficient to support, the judgment for the prevailing party; and the losing party is in a position to seek reversal of the determination from an appellate court. Moreover, a party who would otherwise urge several matters in support of a particular result may be deterred from doing so if a judgment resting on alternative determinations does not effectively preclude relitigation of particular issues.

> There are, however, persuasive reasons for analogizing the case to that of the nonessential determination discussed in Comment h of Section 27. First a determination in the alternative may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta. Second, and of critical importance, the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other not even reached. If he were to appeal solely for the

6

one theory of liability, collateral estoppel applies only to those factual findings which were essential to each and every theory of liability.[2]

This principle recognizes that potential litigants will often not waste valuable resources – typically particularly scarce for debtors – to litigate issues that have no consequence. If a defendant realizes that she has little to no chance of success in her defense against one theory of liability, she has no incentive to litigate on other theories of the same liability even if her basis for contention of those alternate theories is quite sound. *See, e.g., Salida School Dist. v. Morrison*, 732 P.2d 1160, 1164 (Colo. 1987) (refusing to apply collateral estoppel where prior judgment was rendered on an administrative claim against which the defendant had little incentive to vigorously defend). It would raise due process concerns to then hold the facts alleged, as part of an alternate theory of liability, against the defendant in a subsequent action with different or higher stakes. *See Goodson v. McDonough Power Equipment, Inc.,* 443 N.E.2d 978, 986 (Ohio 1983) ("Collaterally estopping a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would

---

purpose of avoiding the application of the rule of issue preclusion, then the rule might be responsible for increasing the burdens of litigation on the parties and the courts rather than lightening those burdens. Compare Comment o, dealing with the effect of an appellate decision based on alternative determinations.

[2] *See*, *e.g.*, *Halpern v Schwartz,* 426 F.2d 102 (2nd Cir. 1970) (holding that a prior judgment resting on two or more independent alternative grounds is not conclusive as to issues which were necessarily found in order to establish only one of those grounds); *Herendeen v. United States Fidelity & Guar. Co.,* 507 P.2d 1011, 1014 (Ariz. Ct. App. 1973) (refusing to apply collateral estoppel to factual findings necessary to only one of two alternative theories of liability; 2 Black on Judgments 938 § 615 (2nd Ed.) ("A judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered. . . . it is conclusive evidence of whatever it was necessary for the jury to have found in order to warrant the verdict in the former action, and no further."); 29 A.L.R. Fed. 764.

subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein."). Similarly, an appeal of only one of two alternate theories of liability would be moot if an appellate reversal on only one theory would not alter the judgment. *See Dowden v. Hogan (In re Hogan)*, 214 B.R. 1022, 1024 (Bankr. E.D. Ark. 1997) ("It would be manifestly unfair to apply collateral estoppel to the finding of fraud where there was no realistic opportunity for an appeal of that finding.").

The State Court Action involved two alternate theories of liability. First, the Bank alleged that the Debtor defaulted on the Note. Her default alone is sufficient to merit a judgment against her in the full amount due and payable on the Note. The judgment awarded to the Bank was, in fact, for the full amount due and payable on the Note. Second, the Bank alleged that the Debtor committed actual fraud upon the Bank in making various false representations that were the proximate cause of the Bank's loss. Actual fraud alone, without a default on any other obligation, would also be sufficient to merit a finding of liability against the Debtor. Because the State Judgment does not specify whether it is based on one or both theories of liability, the total award of the judgment could be based on either of the two theories.[3] Consequently, the Debtor is not

---

[3] In an unpublished opinion addressing the same issue, Judge James G. Mixon explained: "[It is not] clear whether the judgment was based on one or both of the stated grounds for the holding. Therefore, the requirements that the standards be identical and that the prior determination be essential are not clearly met in this case, and collateral estoppel cannot be applied." *Goodwin v. Harr (In re Harr),* No. 1:87-ap-180 (Bankr. W.D. Ark. 1988) (unpublished).

now estopped from contesting any factual finding that was necessary to only one of these two theories.

Fraudulent intent is not a requisite element to both fraud and default, the two causes of action in the State Court. Either of these theories of liability alone would be sufficient to support the judgment against the Debtor in the State Court Action. The Court therefore finds that the Debtor is *not* now collaterally estopped from litigating the issue of fraudulent intent in this adversary proceeding. The Court will now consider the evidence presented at the Trial on the issue of Debtor's intent.

### EVIDENCE OF DEBTOR'S INTENT

The Debtor testified at the Trial and the Court found her to be a credible witness. She admitted that she signed the Note together with her son, stating that she did so to help her son and without any intention of defrauding the Bank. She further stated that she did not see the Grand Am after the day she signed the Note, and that she was unaware her son had sold it until she received service in the State Court Action. She stated that she had no part in selling or transferring the Grand Am. She admitted receiving proper service of the State Court Action, but stated that she did not defend against that action because she was then suffering from an illness affecting her mental faculties.

The only other witness appearing at the Trial was the Bank's representative, Matt LaForce. Mr. LaForce was also a credible witness. However, because his testimony was not inconsistent with the Debtor's testimony, the Court has no difficulty believing the complete testimony of both witnesses. There is consequently no evidence before the

Court, other than the State Court Judgment, to contradict the Debtor's testimony, and the Court finds that the Debtor had no intent to defraud the Bank when the debt was incurred.

## CONCLUSION

The Court finds that collateral estoppel does not apply to the State Court's finding of fraud, and that the Debtor lacked any fraudulent intent when she incurred the debt to the Bank. It is therefore determined that the Bank's claim does not fall within the scope of 11 U.S.C. § 523(a)(2) and the relief requested by the Bank is **DENIED**. A judgment consistent with this memorandum will be entered separately in this case.

**IT IS SO ORDERED.**

Audrey R. Evans
United States Bankruptcy Judge
Dated:  05/14/2010

cc:    attorney for Plaintiff
       attorney for Debtor/Defendant
       Debtor/Defendant
       Trustee
       U.S. Trustee